**NOT FOR PUBLICATION**

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

THE CHARLES SCHWAB CORPORATION,

Plaintiff,

v.

J.P. MORGAN SECURITIES INC., f/k/a BEAR, STEARNS & CO, et al.,

Defendants.

No. C 10-04522 JSW

**ORDER GRANTING MOTION TO REMAND**

## INTRODUCTION

Now before the Court for consideration is the Motion to Remand filed by Plaintiff, The Charles Schwab Corporation ("Schwab Corporation"). The Court has considered the parties' papers, relevant legal authority, and the record in this case. For the reasons set forth in the remainder of this Order, the Court HEREBY GRANTS Schwab Corporation's motion.

## BACKGROUND

On September 2, 2010, Schwab Corporation filed a complaint in the San Francisco County Superior Court.[1] (Notice of Removal, Ex. B (Complaint).) In its Complaint, Schwab

---

[1] Schwab Corporation filed three other cases in San Francisco Superior Court, in which it asserted claims that are similar to the claims raised in this case, each of which were removed to this Court. *See The Charles Schwab Corporation v. BNP Paribas Securities, et al.*, No. 10-CV-4030-SI ("*BNP Paribas*"); *The Charles Schwab Corporation v. Banc of America Securities, LLC, et al.*, No. 10-CV-3489-LHK ("*Banc of America*"); *The Charles Schwab Corporation v. J.P. Morgan Securities, Inc., et al.*, No. 10-CV-4523-JSW ("*JP Morgan II*"). Judge Illston and Judge Koh have remanded the *BNP Paribas* and the *Banc of America* cases to San Francisco Superior Court. *See The Charles Schwab Corporation v. Banc of America Securities, LLC*, 2011 WL 864978 (N.D. Cal. Mar. 11, 2011); *The Charles Schwab Corporation v. BNP Paribas Securities*, 2011 WL 724696 (N.D. Cal. Feb. 23, 2011).

Corporation alleged that it invested $50 million in one securitization trust backed by residential mortgage loans (the "Certificate"). (Compl. ¶ 1.) Schwab Corporation alleged that the Defendants, J.P. Morgan Securities, Inc. f/k/a Bear Stearns & Co., Inc. ("J.P. Morgan") and Bear Stearns Asset Backed Securities I LLC ("Bear Stearns") (collectively "Defendants"), made materially misleading statements regarding the Certificate and the credit quality of the mortgage loans that backed the Certificate. Schwab also alleged that the Defendants omitted material information relating to the Certificate. (*Id.* ¶¶ 1-2; *see also id.* ¶¶ 33-103.)

Schwab Corporation also alleged that the Defendants either sold or issued the Certificate to Charles Schwab Bank, N.A. ("Schwab Bank"), a wholly owned subsidiary of Schwab Corporation. According to Schwab Corporation, on June 29, 2010, Schwab Bank "assigned all of its right, title, and interest in the claims raised in this Complaint" to Schwab Corporation. (*Id.*, ¶¶ 1, 9-10, Ex. A.)

Based on these allegations, Schwab Corporation asserted claims against Defendants for: (1) violations of California Corporations Code §§ 25401, 25501; (2) negligent misrepresentation; (3) and a right to contract rescission pursuant to California Civil Code §§ 1689, 1710, and the common law.

Schwab Corporation served the Defendants on or about September 10, 2010. (Notice of Removal, ¶ 4, Ex. A.) On October 6, 2010, Defendants removed to this Court. Defendants asserted that this Court has original jurisdiction because Schwab Corporation's claims are "related to" bankruptcy proceedings involving Cal Coast Mortgage Corporation ("Cal Coast"), First Magnus Financial Corporation ("First Magnus"), and American Home Mortgage Holdings, Inc. ("AHM"), which originated some of the loans that backed the Certificate.[2] (*Id.*, ¶¶ 10-18.) Defendants also asserted that the case was removable on the basis of diversity jurisdiction. (*Id.* ¶¶ 19-26.)

---

[2] The Court shall refer collectively to each of these entities, as well as other bankrupt entities identified by Defendants as having originated loans backing the Certificate, as "Bankrupt Originators."

Schwab Corporation now moves to remand on the basis that there is no diversity jurisdiction, that this action is not "related to" bankruptcy proceedings, and on equitable grounds.

## ANALYSIS

### A. Legal Standards Applicable to Removal Jurisdiction.

"[A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant ... to the district court of the United States for the district and division embracing the place where such action is pending." *Franchise Tax Board of California v. Construction Laborers Vacation Trust for Southern California*, 463 U.S. 1, 7-8 (1983) (citation omitted). *See also* 28 U.S.C. § 1441. However, federal courts are courts of limited jurisdiction. Accordingly, the burden of establishing federal jurisdiction for purposes of removal is on the party seeking removal, and the removal statute is strictly construed against removal jurisdiction. *Prize Frize Inc. v. Matrix Inc,* 167 F.3d 1261, 1265 (9th Cir. 1999); *see also Valdez v. Allstate Ins. Co.*, 372 F.3d 1115, 1117 (9th Cir. 2004), *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992).

### B. Diversity Jurisdiction.

Defendants removed, in part, on the basis of diversity jurisdiction. A defendant may remove an action on the basis of diversity jurisdiction only if no defendant is a citizen of the same state as any plaintiff and "only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which the action is brought." 28 U.S.C. § 1441(b); *see also* 28 U.S.C. 1332(a)(1). In this case, it is undisputed that Schwab Corporation and the Defendants are not diverse, because they each are citizens of Delaware. (*See* Compl. ¶ 5; Notice of Removal ¶¶ 24, 25.) Defendants argue, however, that the assignment from Schwab Bank, a citizen of Nevada, to Schwab Corporation was a collusive assignment and should be disregarded for purposes of determining the citizenship of the parties. Although 28 U.S.C. § 1359 prohibits collusive assignments to create diversity jurisdiction, there is no similar statute prohibiting collusive assignments in order to defeat jurisdiction.

3

United States District Court
For the Northern District of California

In *Banc of America*, Judge Koh considered, and rejected, similar arguments about the assignment at issue in this case. (*Compare The Charles Schwab Corporation v. Banc of America Securities, LLC*, No. 10-CV-3489, Docket No. 19 (Declaration of Anne Hayes Hartman, Ex. A) *with The Charles Schwab Corporation v. J.P. Morgan Securities, LLC*, No. 10-CV-4522, Docket No. 37 (Declaration of Anne Hayes Hartman, Ex. A).) In her thoughtful and well reasoned opinion, Judge Koh noted that the assignment between did bear "some hallmarks" of a collusive assignment but ultimately concluded that Schwab Bank had completely assigned its claims to Schwab Corporation. *Banc of America*, 2011 WL 864978, at *3-4. Judge Koh also refused to impose a burden upon Schwab Corporation to prove that the assignment was not collusive, because the defendants had removed the case and, as such, had the burden of establishing jurisdiction. *Id.*

In this case, Schwab Bank and Schwab Corporation executed the assignment on June 29, 2010, the day Schwab Corporation filed the first of its four complaints but two months before this Complaint was filed. In all other respects, however, the assignment at issue in this case is identical to the assignment at issue in *Banc of America*. The Court finds Judge Koh's reasoning in the *Banc of America* case persuasive and equally applicable to the facts of this case. Accordingly, for the reasons articulated by Judge Koh in the *Banc of America* case, this Court concludes that Defendants have not shown the assignment should be disregarded. The parties are not completely diverse. Thus, the case was not removable on that basis. *See Banc of America*, 2011 WL 864978, at *2-4.

**C.    "Related To" Jurisdiction.**

Defendants also argue that this Court has jurisdiction pursuant to 28 U.S.C. § 1334, which provides, *inter alia*, that subject to exceptions not present in this case, "the district courts shall have original but not exclusive jurisdiction of all civil proceedings arising under title 11, or arising in or related to cases under title 11." 28 U.S.C. § 1334(b). To determine whether a civil action is "related to" bankruptcy proceedings, the Ninth Circuit has adopted the "conceivable effects" test.

> The usual articulation of the test for determining whether a civil proceeding is related to bankruptcy is whether *the outcome of the proceeding could*

4

> *conceivably have any effect on the estate being administered in bankruptcy.* [Citations omitted in original.] Thus, the proceeding need not necessarily be against the debtor or against the debtor's property. An action is related to bankruptcy if the outcome could alter the debtor's rights, liabilities, options, or freedom of action (either positively or negatively) and which in any way impacts upon the handling and administration of the bankrupt estate.

*In re Fietz,* 852 F.2d 455, 457 (9th Cir. 1988) (quoting *Pacor, Inc. v. Higgins*, 743 F.2d 984, 994 (3rd Cir. 1984)).

If, however, a bankruptcy plan has been confirmed, then "related to" jurisdiction is limited to cases that present a "close nexus" to the bankruptcy plan. In such a case, matters that affect "'the interpretation, implementation, consummation, execution, or administration of the confirmed plan will typically have the requisite close nexus.'" *Montana v. Goldin (In re Pegasus Gold Corp.*), 394 F.3d 1189, 1194 (9th Cir. 2005) (quoting and adopting *In re Resorts Int'l, Inc.*, 372 F.3d 154, 166-67 (3rd Cir. 2004)).

Defendants put forth evidence that a number of the entities that originated loans backing the Certificate are in bankruptcy. (Declaration of Jason de Bretteville ("de Bretteville Decl."), ¶¶ 2-14.) Defendants also put forth evidence that they have indemnification agreements with many of those entities. (*Id.*, ¶ 18, Exs. 3-13.) A number of courts, within this district and around the country, have concluded that the right to indemnification satisfies the conceivable effects test. *See, e.g., Banc of America*, 2011 WL 864978, at *6; *Federal Home Loan Bank of San Francisco v. Deutsche Bank Sec., Inc.*, 2010 WL 5394742, at *3 (N.D. Cal. Dec. 20, 2010) (citing cases); *Federal Home Loan Bank of Seattle v. Deutsche Bank Sec., Inc.*, 736 F. Supp. 2d 1283, 1289-90 (W.D. Wash. 2010). In the *Banc of America* case, Judge Koh also concluded that the right to indemnification from AHM, whose bankruptcy plan has been confirmed, would satisfy the "close nexus" test. *Banc of America*, 2011 WL 864978, at *5; *see also BNP Paribas*, 2011 WL 724696, at *2 ("even assuming" defendant could satisfy close nexus test, finding that remand was warranted on equitable grounds).

The Court finds these cases persuasive and for the reasons set forth therein, the Court concludes that Defendants have shown that they have satisfied the "conceivable effects" test with respect to Bankrupt Originators other than AHM and First Magnus. Nonetheless, the

5

Court concludes that equitable considerations favor remand. In addition, assuming *arguendo*, that Defendants could satisfy the close nexus test as to claims pertaining to loans originated by AHM and First Magnus, whose plans have been confirmed, the Court also concludes that equitable considerations favor remand.

**D.      Equitable Remand.**

Under 28 U.S.C. § 1452(b), the Court may remand an action removed from state court pursuant to § 1452(a) on "any equitable ground." *In re McCarthy*, 230 B.R. 414, 417 (9th Cir. BAP 1999) (quoting 28 U.S.C. § 1452(b)). "This 'any equitable ground' remand standard is an unusually broad grant of authority. It subsumes and reaches beyond all of the reasons for remand under nonbankruptcy removal statutes." *Id*.

Courts in the Ninth Circuit generally consider seven factors to determine whether to remand a "related to" case on equitable grounds:

> (1) the effect of the action on the administration of the bankruptcy estate; (2) the extent to which issues of state law predominate; (3) the difficulty of applicable state law; (4) comity; (5) the relatedness of the action to the bankruptcy case; (6) any jury trial right; and (7) prejudice to plaintiffs from removal.

*Hopkins v. Plant Insulation Co.*, 349 B.R. 805, 813 (N.D. Cal. 2006) (citing *Williams v. Shell Oil Co.*, 169 B.R. 684, 692-93 (S.D. Cal. 1994)); *see also Banc of America*, 2011 WL 724696, at *7-8 (applying factors to grant motion to remand); *BNP Paribas*, 2011 WL 724696, at *3-4 (same).

Applying these factors to this case, the Court concludes that remand is warranted.[3] It is true that only one trust Certificate is at issue in this case, and Defendants argue that over 50% of the loans backing the Certificate were issued by bankrupt originators. However, it appears that AHM originated the majority of those loans and Defendants have not explained how their claim will be treated under AHM's confirmation plan. For the reasons articulated by Judge Koh, Judge Illston, and Judge Conti, the Court finds that the likely overall effect of this litigation on the various bankruptcy proceedings is minimal. *See Banc of America*, 2011 WL 724696, at *7;

---

[3]     Defendants argue they have a right to jury trial in federal court, but they do not suggest that they would be deprived of such a right in state court. Thus, the sixth factor appears to be neutral.

6

*BNP Paribas*, 2011 WL 724696, at *3; *Federal Home Loan Bank of San Francisco*, 2010 WL 5394742, at *11-13. Therefore, the Court finds the first and fifth factors weigh in favor of remand.

With regard to the second and third factors, Schwab Corporation brings only state law claims in this action and, even if the state law is not complex, those claims do predominate. Further, Judge Koh and Judge Illston have remanded their cases, and this Court concludes that *J.P. Morgan II* also should be remanded. Therefore, the Court finds that the fourth and seventh factors also weigh in favor of remand.

## CONCLUSION

For the foregoing reasons, Schwab Corporation's motion to remand is GRANTED. The Clerk shall remand this case to the San Francisco Superior Court and close the file.

**IT IS SO ORDERED.**

Dated: May 2, 2011

JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE